UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIRO JOSE ESPINOZA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, KAMSING LEE, KRISTI NOEM, and PAMELA JO BONDI,<br><br>Defendants. | CAUSE NO. 3:25-CV-919-CCB-SJF |

## ORDER TO SHOW CAUSE

Jairo Jose Espinoza Cruz, an immigration detainee, by counsel, filed an amended habeas corpus petition under 28 U.S.C. § 2241(a) alleging he is unlawfully confined in violation of the laws and Constitution of the United States. According to the amended petition, Espinoza Cruz is a 32-year-old citizen of Nicaragua, who entered the United States at the age of 17 and has remained in the country since then. He was removed *in absentia* on or about September 28, 2017. Following his removal order, he applied for U nonimmigrant status ("U visa"), a form of immigration relief available under the Immigration and Nationality Act to victims of certain qualifying crimes who have assisted or are willing to assist law enforcement. The U.S. Citizenship and Immigration Services has determined that Espinoza Cruz's U visa petition is prima facie approvable and issued a bona fide determination under 8 U.S.C. § 1184(p)(6). A final adjudication cannot yet be made because no U visas are currently available for issuance due to annual statutory caps. Espinoza Cruz is also eligible for a waiver of inadmissibility in connection with his U visa application.

In July 2025, Espinoza Cruz was living in Indianapolis, Indiana, and was arrested by local police following an argument with his domestic partner. That incident did not result in criminal charges, but he was then detained by the Department of Homeland Security ("DHS") on July 31, 2025. He has been detained for more than three months and is currently at Miami Correctional Facility pending the execution of his final removal order.

The court has subject matter jurisdiction under § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Espinoza Cruz is challenging only the legality of his detention. Accordingly, the court will order a response before making further determinations in this case.

Espinoza Cruz asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Couts; *Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir.1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Here, Espinoza Cruz hasn't shown the type of emergency circumstances to warrant a three-day response deadline.

In addition, Espinoza Cruz filed a motion for a temporary restraining order and preliminary injunction, asking the court to order that Espinoza Cruz not be moved from

Miami Correctional Facility while his habeas petition is being decided. ECF 8. Under Fed. R. Civ. P. 65(b),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The motion does not meet the criteria for the court to issue a temporary restraining order. The motion states that the Department of Homeland Security has the ability to transfer Espinoza Cruz to another facility at any time, but there are no facts suggesting such a transfer is imminent or likely in the time it would take to allow the Respondents time to respond to the motion. In addition, Espinoza Cruz's attorney did not certify in writing what efforts, if any, she made to give the Respondents notice of the motion or explain why notice should not be required. Therefore, the court will proceed on the motion as one for a preliminary injunction and order briefing before making a decision.

For these reasons, the court:

(1) **DIRECTS** the clerk to edit the docket to reflect that the motion for a temporary restraining order (ECF 8) is a motion for a preliminary injunction;

(2) **VACATES** the previous order to show cause (ECF 2);

(3) **DIRECTS** the clerk to serve a copy of this order, the amended petition (ECF 7), and the motion for a preliminary injunction (ECF 8) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the

3

Indianapolis ICE Field Office at the Office of General Counsel; (d) the Secretary of Homeland Security at the Office of General Counsel; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) **DIRECTS** the clerk to email or otherwise deliver a copy of this order, the amended petition (ECF 7), and the motion for a preliminary injunction (ECF 8) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) **ORDERS** the Respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) **ORDERS** the Respondents to file a response to the amended petition (ECF 7) by **December 1, 2025**, with the reply due **December 8, 2025**; and

(7) **ORDERS** the Respondents to file a response to the motion for a preliminary injunction (ECF 8) by **November 24, 2025**, with the reply due **November 25, 2025**.

SO ORDERED on November 20, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4