UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIRO JOSE ESPINOZA CRUZ, <br><br> Petitioner, <br><br> v. <br><br> BRIAN ENGLISH, KAMSING LEE, KRISTI NOEM, and PAMELA JO BONDI, <br><br> Respondents. | CAUSE NO. 3:25-CV-919-CCB-SJF |

## OPINION AND ORDER

Immigration detainee, Jairo Jose Espinoza Cruz, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a preliminary injunction. ECF 7, ECF 8. The court granted the preliminary injunction, enjoining Respondents from moving Espinoza Cruz from Miami Correctional Facility while his habeas corpus petition is pending before this court. ECF 21. Respondents were ordered to file a response to the petition, and Espinoza Cruz has replied. ECF 19, ECF 24. The petition is ready to be decided.

### A. BACKGROUND

Espinoza Cruz, a Nicaraguan citizen, entered the United States without inspection in 2013 and was placed in removal proceedings. An immigration judge granted him voluntary departure in 2017. Espinoza Cruz appealed that order to the Board of Immigration Appeals (BIA), and his appeal was denied on October 15, 2018. ECF 19-1 at 11-13. The BIA allowed him 60 days to voluntarily depart, but warned him

if he did not leave the United States in that time, he would instead be subject to an order of removal. *Id.* Espinoza Cruz remained in the United States and therefore has been subject to a final order of removal since 2018.

In 2022, Espinoza Cruz submitted a Petition for U Nonimmigrant Status (U visa), a form of relief available under the Immigration and Nationality Act to victims of certain qualifying crimes who have assisted or are willing to assist law enforcement. *See* 8 U.S.C. § 1101(a)(15)(U). United States Citizenship and Immigration Services (USCIS) has determined that Espinoza Cruz's U visa petition is prima facie approvable and on May 12, 2025, USCIS issued a bona fide determination (BFD) under 8 U.S.C. § 1184(p)(6). The I-797 Notice of Action states, as relevant here:

> Because USCIS has determined your petition is bona fide and you warrant a favorable exercise of discretion, you may be issued an employment authorization document and may be placed in deferred action. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal.

ECF 7-2 at 1. Because the yearly statutory cap of U visas was already reached, Espinoza Cruz is on a waiting list for a U visa to become available, at which point USCIS will make a final determination about his eligibility for the visa.

In July 2025, Espinoza Cruz was arrested by state law enforcement on domestic battery charges. Immigration and Customs Enforcement (ICE) lodged a detainer with the Marion County Sheriff's Department, and received custody of Espinoza Cruz on August 2, 2025, after criminal charges were not filed. ICE executed an administrative warrant that day, ordering that Espinoza Cruz be taken into custody for removal. ECF 19-1 at 1-2. He is currently in custody at Miami Correctional Facility.

After Espinoza Cruz had been detained for more than 90 days, ICE conducted a custody review and issued a Decision to Continue Detention on November 25, 2025, advising him that ICE decided to maintain him in custody because his release would pose a danger to the community, to the safety of other person, or to the safety of property. ECF 19-2 at 1-3.

Espinoza Cruz argues that it is unlawful to remove him after USCIS granted him deferred action, and therefore his detention pending removal is unlawful. He asks for immediate release from custody or, in the alternative, given a bond hearing. Respondents argue 8 U.S.C. § 1252(g) prevents this court from exercising jurisdiction over the petition. Alternatively, they argue that if the court has jurisdiction, the court should deny the petition because Espinoza Cruz is lawfully detained under 8 U.S.C. § 1231(a)(6).

## B. SUBJECT MATTER JURISDICTION

Respondents argue this court lacks jurisdiction based on 8 U.S.C. § 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Respondents argue that Espinoza Cruz is challenging the execution of his removal order, and therefore § 1252(g) strips this court of jurisdiction.

3

The court considered and rejected this argument when ruling on Espinoza Cruz's motion for a preliminary injunction. ECF 21 at 2-4. Nothing in Respondent's brief changes the court's analysis, and the court adopts that analysis here.

In short, the jurisdiction-stripping language in § 1252(g) is narrowly construed, and "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When determining whether a habeas petition triggers § 1252(g), courts look to whether "the alien's well-pleaded complaint is based on one of § 1252(g)'s three listed factors." *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000). Here, as in *Fornalik*, the "essential problem" comes from "the interaction (or lack thereof) between" an agency decision placing petitioner in deferred action status and the subsequent decision to execute a removal order against him. *Id.* at 529.

Respondents' reliance on cases holding that § 1252(g) precludes jurisdiction over a habeas petition in which the petitioner argues that a pending application for a U visa or other relief blocks removal are not relevant here. If Espinoza Cruz's U visa application were still awaiting an agency determination, then this court would lack jurisdiction. *See, e.g., E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (no jurisdiction over habeas petition challenging execution of removal order while pursuing administrative relief); *Botezatu v. I.N.S.*, 195 F.3d 311, 314 (7th Cir. 1999) (no jurisdiction to review refusal to grant petitioner deferred action). But USCIS has made its determination and decided that Espinoza Cruz has filed a bona fide application for a U visa and is eligible

4

for deferred action status. Espinoza Cruz is seeking enforcement of that decision, which incidentally will prevent his removal. The court has jurisdiction to hear his petition.

## C. MERITS

Respondents argue Espinoza Cruz is properly detained under 8 U.S.C. § 1231, which states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[1] 8 U.S.C. § 1231(a). If the removal is not carried out within the removal period, the statute permits further detention:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). In the case of a noncitizen whose removal cannot be carried out, this statute would appear to authorize indefinite detention. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-

---

[1] This mandatory detention period is not a factor during Espinoza Cruz's current detention. The "removal period" begins after one of three events:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). In Espinoza Cruz's situation, the order of removal became administratively final "upon overstay of the voluntary departure period granted or reinstated by the Board," which occurred in 2018. 8 U.S.C. § 1241.1(f); *see Diouf v. Mukasey*, 542 F.3d 1222, 1229 (9th Cir. 2008). There is no argument that this removal period should be extended. *See* 8 U.S.C. § 1231(a)(1)(C).

5

removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that will often call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents argue that Espinoza Cruz's detention is unreviewable by this court until his detention has crossed the six-month mark, which it hasn't. However, they cite no authority for that proposition. The court, instead, finds persuasive the reasoning in *Cruz Medina v. Noem*, which held a noncitizen's detention during the six-month detention period is not unreviewable, but rather is subject to a strong presumption of validity:

> During the six-month period, the presumption of reasonableness is the default, and the government bears no burden to justify detention. But if a petitioner claims and *proves* that his removal is not reasonably foreseeable—including during the six-month period—the petitioner can overcome that presumption and detention is no longer authorized.

*Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (cleaned up). In most cases, this heavy standard will be impossible to meet and habeas petitions will be easily denied. But here, Espinoza Cruz has provided a reason to believe that his removal is not reasonably foreseeable because he has been granted deferred action.

6

Respondents argue that Espinoza Cruz's removal is reasonably foreseeable because while his habeas petition was pending (but before the preliminary injunction was granted), he was transferred to a different facility to be removed. They argue, therefore, that the Department of Homeland Security (DHS) is ready to remove him and it can be carried out in the presumptively reasonable six-month period.

Respondents focus on whether DHS is physically capable of removing Espinoza Cruz, not whether DHS has the legal authority to do so, ignoring the effect of the deferred action. USCIS explained its decision in 2021 to implement the system making bona fide determinations:

> Due to drastic increases in the volume of U nonimmigrant petitions and a growing backlog awaiting placement on the waiting list or final adjudication, USCIS has decided to exercise its discretion under INA 214(p)(6) to conduct bona fide determinations (BFD) and provide EADs [Employment Authorization Determinations] and deferred action to noncitizens with pending, bona fide petitions who meet certain discretionary standards.

U.S. Citizenship and Immigration Services, *Policy Alert: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners*, June 14, 2021, available at https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf (last visited Dec. 18, 2025). Under this policy, "USCIS conducts an initial review of Form I-918 and will issue BFD EADs and deferred action for 4 years to petitioners for U nonimmigrant status and qualifying family members if USCIS deems their petition 'bona fide', instead of completing a full waiting list adjudication." *Id.* For the reasons explained more fully in the order granting the preliminary injunction, *see* ECF 21 at 5-6, the court sees no reason to treat deferred

7

action granted by USCIS to U visa applicants differently than deferred action in other contexts. *See Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000) (deferred action granted to applicant under the Violence Against Women Act that was issued after the removal order could be enforced to prevent petitioner's removal); *Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201-GAYLES, No. 1:25-cv-23201-GAYLES, 2025 WL 3012786, at *5 (S.D. Fla. Oct. 28, 2025) ("Although the caselaw is limited, courts have held that a grant of deferred action is an affirmative immigration benefit that effectively makes it unlawful for a removal order to be executed while the alien has deferred action status.") (quotation marks omitted); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) ("Approval of deferred action status means that, for the humanitarian reasons described below, no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated.") (quoting 6 C. Gordon, S. Mailman, & S. Yale–Loehr, Immigration Law and Procedure § 72.03 [2][h] (1998)).

USCIS's determination that Espinoza Cruz's U visa is bona fide and the grant of deferred action means that USCIS's decision takes precedence over the prior removal order and may be enforced.

## D. CONCLUSION

For these reasons, the court GRANTS the petition (ECF 7) to the extent that Respondents are **ORDERED** to release Jairo Jose Espinoza Cruz under appropriate conditions of supervised release, *see* 8 U.S.C. § 1231(a)(3), and to certify compliance with this order by filing a notice with the court by **December 19, 2025**, detailing when

Espinoza Cruz was released. The clerk is further **DIRECTED** to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on December 18, 2025

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT